UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

KASHAUNA HAZEL,

                      Plaintiff ,

           -against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL
EGAN,  Shield No. 5352, DETECTIVE MICHAEL
MANZOLILLO, Shield No. 3882, and JOHN and JANE DOE
1 through 4, Individually and in their official capacities
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                   Defendants.

---------------------------------------------------------------------------x

AMENDED
COMPLAINT


13 CV 6296 (ILG)(JMA)


Jury Trial Demanded

Plaintiff,  KASHAUNA  HAZEL,  by  her  attorney,  EDWARD  FRIEDMAN,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff  brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§1391(b), in that it is the District in which the claim arose.

**JURY DEMAND**

5.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant

to Fed. R. Civ. P. 38(b).

**PARTIES**

6.     Plaintiff KASHAUNA HAZEL is a legal resident of the United States and a

resident of the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the

aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the defendants, MICHAEL EGAN,

MICHAEL MANZOLILLO and  JOHN and JANE DOE 1 Through 4 were duly sworn

police officers of said department and were acting under the supervision of said department

and according to their official duties.

2

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On August 17, 2012 at approximately 6:30 P.M plaintiff KASHAUNA HAZEL was lawfully  inside premises 121 Van Buren Street, in the County of Kings, City of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff  and arrested her for an incident which allegedly occurred on July 13, 2012.  The plaintiff  was taken to  the 79th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where she was arraigned on August 18, 2012 on charges of Assault, Menacing and Criminal Possession of a Weapon, among other charges. Plaintiff was held in custody until August 18, 2012 when she was released on her own

recognizance. Defendants caused plaintiff to be prosecuted until January 23, 2013 when all charges were dismissed and sealed.

15.     As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## **FEDERAL CLAIMS**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C.§1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

4

21.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22.     As a result of the aforementioned conduct of defendants, plaintiff KASHAUNA HAZEL was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

24.     The defendants unlawfully arrested the plaintiff against her will without probable cause.

25.     As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C.§1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25 with the same force and effect as if fully set forth herein.

27.     Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Kings County

5

District Attorney's Office.

28.     As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability Under 42 U.S.C. §1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "28" with the same force and effect as if fully set forth herein.

30.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

31.     As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure To Intervene Under 42 U.S.C. §1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants had an affirmative duty to intervene on behalf of plaintiff  whose constitutional rights were being violated in their presence by other officers.

34.     The defendants failed to intervene to prevent the unlawful conduct described herein.

35.     As a result of the foregoing, plaintiff's liberty was restricted for an extended

6

period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated

and subjected to handcuffing and other physical restraints.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability Under 42 U.S.C. §1983)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth

herein.

37.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     The aforementioned customs, policies, usages, practices, procedures and rules

of the City of New York Police Department included, but were not limited to, a de facto

blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of

excessive force against young African-Americans by the NYPD.   In Addition, the City of

New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining,

training and supervising its employees that was the moving force behind the violation of

plaintiff's  rights as described herein.   As a result of the failure of the City of New York to

properly recruit, screen, train, discipline, and supervise its officers, including the individual

defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been

deliberately indifferent to, the acts and conduct complained of herein.

39.     The foregoing customs, policies, usages, practices, procedures and rules of the

7

City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KASHAUNA HAZEL.

40.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

42.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff  was unlawfully seized, detained and incarcerated.

43.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff 's constitutional rights.

44.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

         A.     Not to be deprived of liberty without due process of law;

         B.     To be free from false arrest and malicious prosecution,

45.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the

individual defendants I an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

A.   Full and fair compensatory damages in an amount to be determined by a jury;

B.   Punitive damages in an amount to be determined by a jury;

C.   Reasonable attorney's fees and the costs and disbursements of their actions; and

D.   Such other and further relief as appears just and proper.

Dated:   Brooklyn, New York
         April 22 , 2014

                                        s/ _____
                                        EDWARD FRIEDMAN (EDF 4000)
                                        Attorney for Plaintiff

                                        26 Court Street - Suite 1903
                                        Brooklyn, New York   11242
                                        (718) 852-8849

TO:   ZACHARY W. CARTER, ESQ.
      New York City Corporation Counsel
      Attorney for Defendants
      Attention: Jennifer Schuman, Esq.
              Special Assistant Corporation Counsel
      100 Church Street
      New York, New York   10007